UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARIEL VIGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:11-CV-2044-G |
| GABE REED d/b/a GABE REED | ) | |
| PRODUCTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is a motion to dismiss brought by the defendant (docket entry 7). For the reasons set forth below, the motion is denied.

### I. BACKGROUND

#### A. Factual background

This is a contract dispute. The plaintiff, Ariel Vigo ("Vigo"), is a concert promoter in Buenos Aires, Argentina. Complaint ¶ 7 (docket entry 1). The defendant, Gabe Reed ("Reed"), is a concert promoter in Dallas, Texas, who works with the musical group known as Motley Crue. *Id*. ¶ 8.

Around October of 2010, Vigo contacted Reed to discuss a live musical performance by Motley Crue in Buenos Aires. *Id*. ¶ 9. Between December 2010 and January 2011, Vigo and Reed allegedly entered into a contract where Vigo would pay Reed for a Motley Crue concert in Buenos Aires at some time between March and May 2011. *Id*. ¶ 10. According to Vigo, the parties agreed that he would pay Reed "a $300,00 flat fee, as well as a percentage of certain net revenues, and that Vigo would advance a $150,000 deposit towards this fee." *Id*. Vigo avers that he did send Reed this $150,000 deposit. *Id*. ¶¶ 11-12.

However, Motley Crue did not perform any concerts in Buenos Aires for Vigo. *Id*. ¶ 14. Vigo alleges that this constitutes a breach of his contract with Reed, and that he has suffered damages as a result. *Id*. ¶ 15. In particular, Vigo claims $150,000 for the deposit he sent to Reed, and $2,000,000 in lost profits from the lack of ticket sales and other revenue related to the concert. *Id*.

### B.  Procedural Background

On August 16, 2011, Vigo filed a complaint in this court. *Id*. at 1. He asserts claims for breach of oral contract, fraud, negligent misrepresentation, and unjust enrichment. *Id*. ¶¶ 16-36.

The defendant has moved to dismiss the plaintiff's claims under Rules 12(b)(6) and 9(b) of the FEDERAL RULES OF CIVIL PROCEDURE. Defendant Gabe Reed d/b/a

Gabe Reed Productions' Rule 12(b)(6) and Rule 9(b) Motion to Dismiss Complaint with Brief in Support ("Defendant's Motion") (docket entry 7).

1. *Motion to Dismiss Under Rule 12(b)(6)*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6).  See *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009).  The court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  129 S.Ct. at 1950.  The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief."  *Id.*  The plausibility principle does not convert Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 1949.  The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2)).  The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" its claims against the defendant "across the line from conceivable to plausible."  See *id.* at 1950, 1952.

- 4 -

2.  *Motion to Dismiss Under Rule 9(b)*

FEDERAL RULE OF CIVIL PROCEDURE 9(b) states that "[i]n alleging fraud . . ., a

party must state with particularity the circumstances constituting fraud. . . ."  A party

alleging fraud must specify "the who, what, when, where, and how" of the alleged

fraud.  *Benchmark Electronics, Inc. v. J.M. Huber Corporation*, 343 F.3d 719, 724 (5th

Cir. 2003); see also *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th

Cir.), *cert. denied*, 522 U.S. 966 (1997).  Rule 9(b)'s heightened pleading "provides

defendants with fair notice of the plaintiff['s] claims, protects defendants from harm

to their reputation and goodwill, reduces the number of strike suits, and prevents [a]

plaintiff[] from filing baseless claims in an attempt to discover unknown wrongs."

*Tuchman v. DSC Communications Corporation*, 14 F.3d 1061, 1067 (5th Cir. 1994).

## II.  ANALYSIS

### A.  Motion to Dismiss Under Rule 12(b)(6)

In his motion to dismiss, the defendant argues that the plaintiff's complaint

lacks "factual allegations and/or sufficiently specific allegations as to each and every

element of the causes of action asserted in the Complaint."  Defendant's Motion at 3.

However, it is clear that the plaintiff has sufficiently pled claims of breach of oral

contract, negligent misrepresentation, and unjust enrichment.

There are four elements to a claim of breach of contract in Texas:  "(1) the

existence of a valid contract; (2) performance or tendered performance by the

plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App. -- Houston [14th Dist.] 2005, *pet. denied*)).  In this case, Vigo has pled a breach of contract claim against Reed.  First, he has pled that there was an oral contract, made by e-mail and in person discussions throughout December 2010 and January 2011.  Complaint ¶ 10.  Second, Vigo has pled performance by stating that he sent Reed a $150,000 deposit.  *Id.* ¶ 11.  Third, Vigo has pled that Reed breached the oral contract by not getting Motley Crue to perform for Vigo in Buenos Aires.  *Id.* ¶ 14.  Finally, Vigo has pled that he sustained damages, consisting of the unreturned deposit and lost profits. *Id.* ¶ 15.

There are four elements to a claim for negligent misrepresentation under Texas law:  "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Federal Land Bank Association of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).  In this case, Vigo has pled a claim of negligent misrepresentation against Reed.  First, Vigo alleges that Reed's representation occurred during the

course of their music promotion business activities.  *See* Complaint ¶¶ 7-9.  Second,

Vigo pled that Reed falsely told him that "Motley Crue could and would perform this

live musical performance for Vigo in Buenos Aires."  *Id*. ¶ 11.  Third, Vigo pled that

Reed did not exercise reasonable care in telling him this, because "Motley Crue did

not perform the concert for Vigo."  *Id*.  Finally, Vigo has pled pecuniary loss through

his deposit and lost profits.  *Id*. ¶ 15.

"Unjust enrichment is an equitable principle holding that one who receives

benefits unjustly should make restitution for those benefits."  *City of The Colony v.

North Texas Municipal Water District*, 272 S.W.3d 699, 731 (Tex. App.--Fort Worth

2008, *no pet).*  "Unjust enrichment occurs when the person sought to be charged has

wrongfully secured a benefit or has passively received one which it would be

unconscionable to retain."  *Id*.  "Thus, a party may recover under the theory of unjust

enrichment when one person has obtained a benefit from another by fraud, duress, or

the other taking of an undue advantage."  *Id*.  In this case, Vigo has pled that he

rendered a $150,000 deposit to Reed, and has not received anything in return.

Complaint ¶ 15.  Because the defendant has not provided any reason why it is

entitled to this amount of money, Vigo has pled a claim for unjust enrichment.

## B.  Motion to Dismiss Under Rule 9(b)

There are six elements to a claim of fraud under Texas law:  "[(1)] a material

misrepresentation, [(2)] which was false . . . [(3)] which was either known to be false

when made or was asserted without knowledge of its truth, [(4)] which was intended to be acted upon, [(5)] which was relied upon, and [(6)] which caused injury." *Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (internal quotations omitted).  In this case, Vigo has pled that Reed made a false material representation -- that Motley Crue would perform a live musical performance for Vigo in Buenos Aires between March and May 2011. Complaint ¶¶ 22-23.  Vigo has also pled Reed's mental state, both with respect to the truth of the statement and the intent behind making it.  *Id*. ¶ 24.  The facts generally pled by Vigo, concerning the alleged conversations and Vigo's reliance on Reed's statements, support the plausible conclusion that Reed had the necessary mental state.  Finally, Vigo has pled both reliance and injury on the alleged misrepresentations, by stating that he sent Reed the $150,000 deposit.  *Id*. ¶¶ 25-26.

### III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is **DENIED**.

**SO ORDERED**.

December 16, 2011.

_A. Joe Fish_

_____

**A. JOE FISH**
**Senior United States District Judge**